# United States District Court

### WESTERN DISTRICT OF MICHIGAN

**UNITED STATES OF AMERICA**

v.

**ANTHONY JERMAINE WILSON**

## ORDER OF DETENTION PENDING TRIAL

Case Number:  1:10-CR-94

In accordance with the Bail Reform Act, 18 U.S.C.§3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

### Part I - Findings of Fact

- [ ] (1) The defendant is charged with an offense described in 18 U.S.C. §3142(f)(1) and has been convicted of a (federal offense) (state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed) that is
    - [ ] a crime of violence as defined in 18 U.S.C.§3156(a)(4).
    - [ ] an offense for which the maximum sentence is life imprisonment or death.
    - [ ] an offense for which the maximum term of imprisonment of ten years or more is prescribed in _____
    - [ ] a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C.§3142(f)(1)(A)-(C), or comparable state or local offenses.
- [ ] (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.
- [ ] (3) A period of not more than five years has elapsed since the (date of conviction) (release of the defendant from imprisonment) for the offense described in finding (1).
- [ ] (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an)other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternate Findings (A)

- [x] (1) There is probable cause to believe that the defendant has committed an offense
    - [x] for which a maximum term of imprisonment of ten years or more is prescribed in  21 U.S.C. § 801 et seq
    - [ ] under 18 U.S.C.§924(c).
- [x] (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternate Findings (B)

- [x] (1) There is a serious risk that the defendant will not appear.
- [x] (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

Defendant is 33 years old and charged with distributing cocaine and maintaining a drug-involved premises.  Defendant was indicted in April 2010, but was not arrested until May 2014 in Sacramento, CA.  Although he has a grandmother in Lansing, and a girlfriend he has lived with "off and on" in Sacramento, his residential status has been transient for the past four years.  Defendant has never been married.  Defendant has been unemployed since 2010 when he moved to California.  He relies on his significant other and family for money, but even his "significant other" could not clarify how he financially supports himself.  Defendant has no significant assets.  Defendant has not been paying child support.  (Continued on attachment)

### Part II - Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by  a preponderance of the evidence that no condition or combination of conditions will assure the appearance of the defendant for future court proceedings and by clear and convincing evidence that no condition or combination of conditions will assure the safety of the community because (a) defendant has not rebutted the rebuttable presumption and, in the alternative, even if the presumption could be said to be rebutted, (b) the government has nevertheless met both standards of proof where defendant has (continued on attachment)

### Part III - Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

Dated: July 11, 2014

/s/ Hugh W. Brenneman, Jr.
*Signature of Judicial Officer*

Hugh W. Brenneman, United States Magistrate Judge
*Name and Title of Judicial Officer*

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. §801 *et seq.* ); (b) Controlled Substances Import and Export Act (21 U.S.C. §951 *et seq.* ); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. §955a).

Case 1:10-cr-00094-PLM ECF No. 150 filed 07/15/14 PageID.1140 Page 2 of 2

United States v. **ANTHONY JERMAINE WILSON**
1:10-CR-94
**ORDER OF DETENTION PENDING TRIAL**
Page 2.

**Alternate Findings (B)** - (continued)

Defendant uses marijuana on a daily basis, last using it on his day of arrest, May 25, 2014.

Defendant has a lengthy criminal history, including at least two felony convictions and five (probably six) misdemeanor convictions. The two felony convictions are for delivery or manufacture of cocaine or heroin.

**Part II - Written Statement of Reasons for Detention** - (continued)

been at large for the past four years, has no ties to the community either here or in California sufficient to assure his appearance at future court proceedings, has no employment or assets, has a lengthy criminal record, uses marijuana on a daily basis despite the fact that he apparently has no resources for obtaining it, and because he apparently has no serious ties even to his "significant other" in California, much less anyone else.